JOSÉ RAFAEL BECERRA, Plaintiff and Appellee, *v.* NARCISO COBIÁN RIVERA ET UX., Defendants and Appellants.

No. 9859. Argued February 3, 1949.—Decided February 24, 1949.

*Romany & Romany* for appellants.    *R. Cuevas Zequeira* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

To the complaint filed in an action for the specific per- formance of a contract brought by José Rafael Becerra against Narciso Cobián Rivera and his wife, a "Contract of Promise to Sell", was attached, the essential provisions of which may be summarized thus: Narciso Cobián Rivera owns a one-seventh undivided interest and one-fourth of another one-seventh undivided interest in a rural property consist- ing of 356.90 acres (*cuerdas*) situated in the Ward of Juan Sánchez, Bayamón.    He acquired said undivided interests while he was unmarried.    They appear to be subject to an easement for the establishment and maintenance of 5 towers for supporting electric wires; to a contract of lease for eight years, counted from August 1, 1938; to a mortgage for $24,500 and to a contract of antichresis as accessory security to the mortgage; Cobián Rivera, with the express consent of his wife, agreed with Dr. José Rafael Becerra to execute a contract of promise to sell said undivided interests and in pursuance of said agreements he bound himself to sell to Dr.

Becerra the above-mentioned undivided interest for the price of $11,500, free from any lien or encumbrance, the amount of any lien existing at the time of selling to be deducted from the said price of $11,500. The promise to sell was to be effective until August 1, 1946, but Cobián Rivera was bound to sell the above property to Dr. Becerra at any time the latter might choose and up to August 1, 1946. At the time of the execution of the contract Cobián received the sum of $1,000 from Dr. Becerra on account of the purchase price and it was agreed that if the sale were not finally carried out Rivera should pay to Dr. Cobián interest thereon at the rate of 8 per cent per annum. The latter bound himself to deliver to Cobián Rivera additional amounts up to the sum of $2,000, on account of the purchase price, but these sums were to bear interest at 8 per cent per annum from the date on which they were received and were to be applied to the total or partial payment of the mortgage encumbering the undivided interests involved in the contract. The contract was binding on both parties, and also on their heirs or assignees; and the party failing to comply therewith would be liable to the order in damages. Dr. Becerra could assign the right he acquired through the contract to whom he might deem expedient, serving notice thereof on Cobián Rivera.

The foregoing contract of promise to sell was signed before a notary on April 11, 1942. However, at the end of the document, on that same day and before the same notary the parties stated and subscribed what we copy below: "Now the parties state that if at the expiration of this contract Dr. Becerra should fail to exercise the option to purchase acquired under this contract he may so inform Don Narciso Cobián Rivera, his heirs or successors in interest and Don Narciso Cobián Rivera or his successors in interest shall be bound to immediately refund to Dr. José R. Becerra the amounts received on account of this purchase, with interest thereon and any further interest which may accrue at the agreed rate, up to the time of the total payment of the debt."

After the complaint was answered, and after several questions of law which it is unnecessary to mention herein were raised, the case was submitted upon a verbal stipulation made in open court on July 31, 1947. It was stated therein that the defendant had filed a motion for judicial consignation, by virtue of which he had deposited in court $1,000, together with interest thereon at 8 per cent, or a total of $1,288, in favor of the plaintiff; that subsequently to the filing of the complaint the plaintiff José Rafael Becerra and his wife, who owned other undivided interests in the property involved in the complaint, jointly with the defendants sold by a single deed the whole property to a third person; that Dr. Becerra acquiesced in the sale, but with the verbal reservation that said sale was made without prejudice to his right to the action for specific performance of contract; that the plaintiff had objected to the consignation and submitted the case on the documents which appeared in the record.

At this stage, on July 14, 1948, the lower court rendered judgment ordering Narciso Cobián Rivera and his wife Carmela Nieves Colón to execute a deed of sale in favor of José Rafael Becerra covering the one-seventh undivided interest and the one-fourth of the other one-seventh undivided interest of the property of 356.90 acres described in the complaint, for the price of $11,500, from which "the amount of the liens encumbering said interests" were to be deducted and "should the defendants refuse to execute the aforesaid deed, the marshal shall execute the same in their behalf, and shall receive the proceeds of the sale which shall be deposited by him in the office of the clerk of this court to be delivered to the defendants." The defendants were further adjudged to pay costs and the sum of $200 as attorney's fees, but nothing was said in the judgment therein regarding the amount of the liens. The present appeal has been taken from the said judgment.

According to the verbal stipulation submitted by the parties at the trial, the undivided interest involved in the

complaint were sold to a third person with the express consent and acquiescence of the plaintiff Dr. Becerra himself, after the filing of said complaint. Conceding the validity and enforceability of the Contract of Promise to Sell,[1] was it possible to demand the specific performance thereof when the undivided interests involved in said contract (and also the rest of the property) had already passed to a third person? Certainly not. The verbal reservation made by the plaintiff in the sense that the sale of defendant's undivided interests was made without prejudice to his right in the action produced no effect whatever. The judgment of the district court ordering the defendants to execute a deed of sale of the above-mentioned undivided interests in favor of the plaintiff, required an impossible thing and in law impossible things can not be required. It was an error of the lower court to render judgment in the manner it did.

█ Moreover, after the undivided interests were sold to the third person, the plaintiff moved the court to order the delivery to him of the sum of $1,288 which the defendants had deposited in court, as we have already stated, when the action was brought against him. The court so decreed. In that manner the contract of loan which incident to that of promise arose between the parties, became extinguished.

█ Since the undivided interests were sold in the above-noted manner, and since the contract of loan was extinguished, the obstinacy of the plaintiff in failing to desist from his action and in permitting the same to be prosecuted until its termination was evident. As this Court must now render the judgment which the lower court should have entered, an award of attorney's fees is imperative. Section 327 of the Code of Civil Procedure, as amended by Act No. 94 of May 11, 1937; *Colón* v. *Asociación Cooperativa Lafayette*, 67 P. R.R. 250.

---

[1] See § 1340 of the Civil Code, 1930 ed.; Manresa, *Comentarios al Código Civil Español*, 1931 ed., Vol. X, p. 60.

The judgment appealed from should be reversed and another rendered instead dismissing the complaint in all its parts and adjudging the plaintiff to pay costs, plus the sum of $300 as attorney's fees.